UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EMERT,<br><br>                                Plaintiff,<br><br>v.<br><br>SAN DIEGO SUPERIOR COURT,<br>                               Defendant. | Case No.: 24cv924-LL<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO SEAL REQUEST FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION;**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO SEAL PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**(3) DIRECTING PLAINTIFF TO FILE REDACTED VERSION OF REQUEST FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION** |

1   Plaintiff Robert Emert ("Plaintiff"), proceeding pro se, commenced this action on
2   May 28, 2024. Plaintiff filed a Request for a Temporary Restraining Order, Preliminary
3   Injunction, and Permanent Injunction[1] ("TRO") and requested the TRO be sealed. The
4   same day that he filed the TRO, Plaintiff filed a motion to proceed in forma pauperis
5   ("IFP") and requested the motion to proceed IFP be sealed. For the reasons discussed
6   below, the Court **GRANTS** Plaintiff's motion to seal the TRO, **DENIES** Plaintiff's motion
7   to seal the motion to proceed IFP, and **DIRECTS** Plaintiff to file a redacted version of the
8   TRO.

## I.   MOTIONS TO SEAL

In the Ninth Circuit, there is a strong presumption in favor of access to court records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citation omitted). This provides federal courts with "a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citation omitted). When a party seeks to seal a filing that is more than tangentially related to the underlying merits of a case, the movant must show compelling reasons for overcoming the presumption in favor of public access. *Id.* at 1101; *see also Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). Filings that are unrelated or only tangentially related to the merits may be sealed upon a showing of good cause. *See Ctr. for Auto Safety*, 809 F.3d at 1097.

### A.   Motion to Seal the TRO

As a threshold matter, the Court finds that the "compelling reasons" standard applies to Plaintiff's TRO, or complaint. *See id.* at 1095 n.2 ("Many courts have applied the compelling reasons standard to motions for preliminary injunctions or temporary restraining orders."); *Baldwin v. U.S.*, 732 F. Supp. 2d 1142, 1145 (D.N. Mar. I. 2010) (applying "compelling reasons" standard to complaints because "the underlying cause of

---

[1] Plaintiff's Request for a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction was filed as the complaint in this action.

action . . . arises directly out of the information in the exhibit [to the complaint]."); *Williams & Cochran, LLP v. Quechan Tribe of Fort Yuma Indian Rsrv.*, 2017 WL 3600417 at *2 (S.D. Cal. Aug. 17, 2017) ("district courts generally conclude that the 'compelling reasons' standard applies because the complaint initiates the civil action."); *In re NVIDIA Corp. Deriv. Litig.*, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) (applying "compelling reasons" standard because "when a plaintiff invokes the Court's authority by filing a complaint, the public has a right to know who is invoking it, and towards what purpose, and in what manner.").

Additionally, courts recognize that the need to protect medical privacy has qualified as a "compelling reason," for sealing records. *See, e.g., San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.*, 2011 WL 89931, at *n.1 (N.D. Cal. Jan. 10, 2011) (finding that confidentiality of medical records under the Health Insurance Portability and Accountability Act of 1996 outweighed *Kamakana* presumption in favor of public access to court records); *Wilkins v. Ahern*, 2010 WL 3755654, at *4 (N.D. Cal. Sept. 24, 2010).

Here, Plaintiff argues that the medical documents submitted in support of his TRO or complaint should be sealed because his "medical information is highly personal and confidential, and its public disclosure would cause unwarranted embarrassment, humiliation, and invasion of privacy." TRO at 10. Plaintiff has shown compelling reasons for sealing his medical records. Accordingly, the Court grants Plaintiff's request to seal any portions of the TRO or complaint that are related to medical documents.

**B.    Motion to Seal the Motion for IFP**

Next, the Court finds that the "good cause" standard applies to Plaintiff's motion for IFP as it is unrelated or only tangentially related to the merits. *Ctr. for Auto Safety*, 809 F.3d at 1097; *Bahr v. Marin*, 2023 WL 3088296, at *1 (S.D. Cal. Mar. 28, 2023). "Courts typically treat IFP applications as matters of public record." *Sai v. ABDI*, 2018 WL 9781844, at *4 (W.D. Wash. Apr. 23, 2018). "An application to proceed [IFP] is not within the narrow range of matters, such as records of grand jury proceedings, traditionally sealed

because of important policy reasons." *Tater-Alexander v. Amerjan*, No., 2008 WL 961234, at *2 (E.D. Cal. Apr. 4, 2008) (citing *Kamakana*, 447 F.3d at 1178, 1184–85.

Here, Plaintiff contends that his IFP application should be sealed because his "wife shows our kids this stuff." Mot. to Proceed IFP at 2. This is insufficient to demonstrate good cause for sealing. *See*, *e.g.*, *Bahr*, 2023 WL 3088296, at *1 (denying request to seal IFP application where defendants cited "general privacy concerns and purported constitutional issues"); *Gupta v. Discover Bank*, 2021 WL 5045069, at *1 (C.D. Cal. May 14, 2021) (denying request to seal IFP application where plaintiff claimed financial information was "sensitive information and [he does] not want the public to see it"); *Sai*, 2018 WL 9781844, at *4 (denying motion to seal IFP application where plaintiff "vaguely objects to the possibility of some type of harm, and generally objects to the inclusion of information required by form AO 239 on the public record"). Accordingly, Plaintiff's motion to seal the motion for IFP is denied.

## III. CONCLUSION

Based on the foregoing, the Court:

1. **GRANTS** Plaintiff's motion to seal the Request for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction. Plaintiff's Request for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction is to be **TEMPORARILY SEALED**.

2. **DIRECTS** Plaintiff to file a redacted Request for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction with redactions over the exhibits he states are privileged medical information by **June 20, 2024**. If Plaintiff does not file a redacted Request for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction by June 20, 2024, the Court of Clerk is directed to lift the seal on these documents.

3. **DENIES** Plaintiff's motion to seal Plaintiff's motion to proceed in forma pauperis.

///

4.     **DIRECTS** the Clerk of Court to file Plaintiff's motion to proceed in forma pauperis on the docket of the instant case.

**IT IS SO ORDERED.**

Dated:  May 30, 2024

_____
Honorable Linda Lopez
United States District Judge