# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EMERT, <br><br> Plaintiff, <br><br> v. <br><br> SAN DIEGO SUPERIOR COURT, <br><br> Defendant. | Case No.: 24cv924-LL-MSB <br><br> **ORDER:** <br><br> **(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2];** <br><br> **(2) DENYING REQUEST FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION AS MOOT [ECF No. 1]; AND** <br><br> **(3) DISMISSING ACTION WITHOUT PREJUDICE** |

Plaintiff Robert Emert ("Plaintiff"), proceeding pro se, commenced this action against Defendant San Diego Superior Court ("Defendant") by filing a Request for a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction.[1] ECF No. 1, TRO (sealed).[2] On the same day, Plaintiff filed a motion to proceed in forma pauperis ("IFP"). ECF No. 2. For the following reasons, the Court: (1) **DENIES** Plaintiff's motion to proceed IFP; (2) **DENIES** Plaintiff's Request for a TRO as **MOOT**; and (3) **DISMISSES WITHOUT PREJUDICE** the entire action.

## I.  MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a); S.D. Cal. CivLR 4.5(a). A court may authorize the action to proceed despite a plaintiff's failure to prepay the entire fee if the plaintiff submits an affidavit, including a statement of all their assets, showing that they are unable to pay filing fees. *See* 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). The facts as to an affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Here, Plaintiff completed the "Short Form" IFP application (AO 240). ECF No. 2. In this district, pro se litigants seeking IFP status are required to use the Administrative Office of the U.S. Courts' ("AO") Long Form for IFP Applications, or AO Form 239, which is five pages. The Court does not have enough information to make an informed

---

[1] Plaintiff's Request for a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction was filed as the complaint in this action.

[2] ECF No. 1 is the temporarily sealed TRO. As mentioned in the Court's May 30, 2024 Order [ECF No. 4], Plaintiff has been directed to file a redacted version of the TRO.

determination on Plaintiff's indigency. Accordingly, the Court denies Plaintiff's motion to proceed IFP. If Plaintiff seeks IFP status again, he is advised to use the long form application (AO 239).

## II. TEMPORARY RESTRAINING ORDER

Although Plaintiff's motion to proceed IFP is inadequate, in the interest of efficiency, the Court also briefly addresses Plaintiff's Request for a TRO.

Plaintiff's Request for a TRO can be denied for multiple reasons. First, Plaintiff has not filed a complaint. Without an operative complaint, the Court does not know what claims Plaintiff will pursue and cannot assess Plaintiff's likelihood of success on the merits of those claims or identify the status quo that Plaintiff seeks to maintain. *See LA All. for Hum. Rts. v. Cnty. of Los Angeles*, 14 F.4th 947, 957 (9th Cir. 2021) (reversing district court's issuance of preliminary injunctive relief when it "granted relief based on claims that Plaintiffs did not allege, supported by novel legal theories that Plaintiffs did not argue, or against Defendants against whom the claim was not pled . . . because [the court] only had equitable power to grant relief on "the merits of the case or controversy before it," and "[did] not have the authority to issue an injunction" "based on claims not pled in the complaint."); *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (explaining that for a court to have authority to issue preliminary injunctive relief, there must be a "sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself" such that injunctive relief would grant "relief of the same character as that which may be granted finally"). Given these principles, the Court lacks the authority to issue a temporary restraining order.

Second, Plaintiff does not demonstrate that he provided notice of his Request for a TRO to Defendant. Federal Rule of Civil Procedure 65(b) states that the court may issue a temporary restraining order without notice to the adverse party only if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give

notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). Here, Plaintiff has not stated whether Defendant received adequate notice of the temporary restraining order nor if there is a justifiable reason for issuing a temporary restraining order without notice. *See id.*; *see also Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (noting an ex parte temporary restraining order may be appropriate when it is impossible to provide notice to the adverse party because the party cannot be located in time for a hearing, the identity of the party is unknown, or notice to the defendant would render further prosecution of the action fruitless). Further, the Court finds Plaintiff has not set forth "specific facts in an affidavit or a verified complaint" that "clearly show that immediate and irreparable injury, loss, or damage will result to [Plaintiff] before [Defendant] can be heard in opposition." *See* Fed. R. Civ. P. 65(b). Therefore, Plaintiff has not shown a temporary restraining order is appropriate.

Lastly, Plaintiff's Request for a TRO seeks an injunction against Defendant "to allow Plaintiff to participate remotely in most court proceedings." TRO at 6–7. Specifically, Plaintiff requested remote accommodations for the May 28, 2024 hearing in San Diego Superior Court, which was denied in whole. *See* ECF No. 1-3 at 2–3. Plaintiff has not indicated any future court proceeding dates or additional denied requests. *See generally* ECF No. 1. Therefore, the completion of the May 28, 2024 hearing mooted Plaintiff's Request for a TRO.[3] *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) ("A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."). Accordingly, the Court denies Plaintiff's Request for a TRO.

///

///

---

[3] The Court notes that although Plaintiff commenced this action by filing the TRO on May 28, 2024, Judge Lopez was not assigned to this case until May 30, 2024.

## III. CONCLUSION

Based on the foregoing, the Court:

1. **DENIES** Plaintiff's Motion to Proceed IFP. Plaintiff shall have until **June 21, 2024**, to pay the entire filing fee or file a renewed application to proceed IFP using the long form (AO 239) that provides complete and accurate information concerning Plaintiff's income, assets, and expenses, and is signed by Plaintiff. Failure to pay the filing fee or file a renewed application to proceed IFP will result in this case being closed without further order from the Court.

2. **DENIES** Plaintiff's Request for a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction as **MOOT**.

3. **DISMISSES WITHOUT PREJUDICE** this action.

**IT IS SO ORDERED.**

Dated: May 31, 2024

Honorable Linda Lopez
United States District Judge